TENEMENT HOUSE DEPARTMENT OF CITY OF NEW YORK v. GANS.

(Supreme Court, Appellate Term.   December 22, 1911.)

1. COURTS (§ 190*)—MUNICIPAL COURT—REVIEW—JUDGMENT—CONFORMITY TO PLEADINGS AND PROOF.

In an action by the tenement house department of the city of New York to recover a penalty for violation of an order made by it, the only evidence was the department's order and a diagram, marked in evidence as plaintiff's exhibits, and plans, marked in evidence as defendant's exhibits.   *Held* that, as a judgment for defendant was based upon mere unproven and unverified statements, it would be reversed.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

2. COURTS (§ 190*)—MUNICIPAL COURTS—REVIEW—EVIDENCE CONSIDERED—ARGUMENT.

The Appellate Term has no right to consider as evidence statements of fact made by counsel in argument, not confirmed by other testimony, and not conceded by any admission in the record.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by the Tenement House Department of the City of New York against Joseph Gans. From a judgment of the Municipal Court of the City of New York for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Archibald R. Watson (John P. O'Brien and Charles J. O'Sullivan, of counsel), for appellant.

Joseph Gans, in pro per.

LEHMAN, J. [1] The plaintiff has brought an action to recover a penalty for violation of an order made by it. At the trial no witnesses were produced, and no concession as to the facts placed upon the record. The only evidence produced was three documents, viz., the order of the plaintiff and a diagram, which the record states were marked in evidence as Plaintiff's Exhibits 1 and 2, and the original plans, which the record states were marked in evidence as Defendant's Exhibit A. The trial justice then gave judgment absolute for the defendant. Upon this record the judgment cannot be sustained. I have examined these exhibits, and without oral testimony they are absolutely insufficient to prove either plaintiff's cause of action or the defense.

[2] The defendant urges that, in addition to these exhibits, we have the statement of fact made by counsel in the course of their argument to the court. I do not believe that we have a right to consider these statements as evidence. They are not confirmed by other testimony, and their truth is not conceded by any admission on the record. The trial justice undoubtedly gave judgment upon the theory that these facts are admitted or established. I do not think it necessary to determine whether or not, if these facts were established, they would constitute a defense. The judgment must be in any event reversed, because it is not based either on the evidence or on an agreed statement of fact, and the trial justice can render no judgment upon mere unproven and unverified statements.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.